## ** § 362 INFORMATION COVER SHEET ***

| | | | |
|---|---|---|---|
| MARCO ANTONIO TAPIA BENITEZ<br>AKA MARCO A. TAPIA BENITEZ AND<br>EDUWIGES VENZOR-MORALES AKA<br>EDUWIGES VENZOR<br>DEBTORS | 19-15331-mkn<br>Case No: | _____<br>MOTION #: | 7<br>Chapter |

Toyota Motor Credit Corporation
MOVANT

---

### *Certification of Attempt to Resolve the Matter Without Court Action:*

*Moving counsel hereby certifies that pursuant to the requirements of LR 4001(a)(2), an attempt has been made to resolve the matter without court action, but Movant has been unable to do so.*

*Date :* September 12, 2019                    *Signature: /s/Ace Van Patten*
                                                  *Attorney for Movant*

---

PROPERTY INVOLVED IN THIS MOTION: 2018 Toyota C-HR, VIN: NMTKHMBX4JR027637

NOTICE SERVED ON:          Debtor(s) ☒;          Debtor(s) Counsel ☒;          Trustee ☒

DATE OF SERVICE: September 12, 2019

---

| MOVING PARTY'S CONTENTIONS:* | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st: $33,859.73 | 1st: $_____<br>2nd: _____<br>3rd: _____<br>4th: _____<br>Other: _____ |
| Total Encumbrances: $33,859.73 | Total Encumbrances: $_____ |
| OPINION as to VALUE: $17,275.00 per NADA Guides | APPRAISAL or OPINION as to VALUE: |

| TERMS OF MOVANT'S CONTRACT<br>WITH THE DEBTOR(S): | DEBTOR'S OFFER OF ADEQUATE PROTECTION FOR<br>MOVANT: |
|---|---|
| Amount of Note: $39,558.40<br>Interest Rate: 2.90%<br>Duration: 72 months<br>Payment per Month: $ 599.98<br>Date of Default: May 29, 2019<br>Amount in Arrears: $2,399.92<br>Date of Notice of Default: N/A<br>SPECIAL CIRCUMSTANCES:  Debtors schedules indicate the Debtors are surrendering interest in collateral | SPECIAL CIRCUMSTANCES: |
| SUBMITTED BY: Ace Van Patten, Esq.<br>SIGNATURE: /s/Ace Van Patten | SUBMITTED BY:_____<br>SIGNATURE:_____ |

* All amounts due to Movant as of August 30, 2019

**TIFFANY & BOSCO, P.A.**
Ace C. Van Patten, Esq.
Nevada Bar No. 11731
Krista J. Nielson, Esq.
Nevada Bar No. 10698
10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135
Telephone:  702 258-8200
Fax:  702 258-8787
nvbk@tblaw.com
TB File # 19-73983

*Attorneys for Toyota Motor Credit Corporation*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In Re: | BK Case No.: 19-15331-mkn |
| MARCO ANTONIO TAPIA BENITEZ AKA MARCO A. TAPIA BENITEZ AND EDUWIGES VENZOR-MORALES AKA EDUWIGES VENZOR, | Chapter 7 |
| | **MOTION FOR RELIEF FROM AUTOMATIC STAY** |
| | Date: October 16, 2019 |
| | Time: 1:30 PM |
| Debtors. | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

Toyota Motor Credit Corporation, Secured Creditor herein, ("Secured Creditor" or "Movant" hereinafter), hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay with respect to certain personal property of the Debtors described as a 2018 Toyota C-HR, VIN: NMTKHMBX4JR027637 (the "Vehicle"). This motion is supported by the points and authorities cited herein and the record currently before the court.

///

///

///

1

# I.    FACTUAL AND PROCEDURAL SUMMARY

Secured Creditor is the current payee of a Simple Interest Vehicle Contract for Sale and Security Agreement dated April 14, 2018 in the amount financed of $39,558.40 ("Contract"), upon personal property described as a 2018 Toyota C-HR, with VIN: NMTKHMBX4JR027637 (the "Vehicle"). A copy of the Contract is attached hereto as **Exhibit "1"** and is incorporated herein by reference.

Secured Creditor's Nevada Certificate of Title as to the extent of liens and encumbrances against the Vehicle is attached hereto as **Exhibit "2"** and incorporated herein by reference.

Secured Creditor is informed and believes, and, based upon such information and belief, alleges that title to the Vehicle is currently under the name of Debtors.

On or about August 19, 2019, the above named Debtors filed this instant Chapter 7 Petition with the Court.

With respect to secured Creditor's Contract the following is due and owing as of August 30, 2019:

| | | |
|---|---|---|
| 4 Monthly Payments at $599.98 | | $2,399.92 |
| (May 29, 2019 - August 29, 2019) | | |
| Total | | $2,399.92 |

Furthermore, a payment becomes due on September 29, 2019 and every month thereafter.

# II.    LEGAL ARGUMENT

## A.    MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(2).

Section 362(d)(2) provides, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
(2) with respect to a stay of an act against property under subsection (a) of this section, if –

2

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization…

11 U.S.C. §362(d)(2). For purposes of Section 362(d)(2), "equity" is defined as the difference between the value of the property and *all encumbrances upon it*. <u>Stewart v. Gurley</u>, 745 F.2d 1194 (9th Cir. 1984) (emphasis added). Section 362(d)(2) reflects Congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, *even where the debtor can provide adequate protection under Section 362(d)(1)*. <u>In re San Clemente Estates</u>, 5 B.R. 605, 610 (Bankr.S.D.Cal. 1980)(emphasis added).

According to NADA guides (attached hereto as **Exhibit "3")** the Vehicle is currently valued at $17,275.00 while the outstanding balance owed under the Contract is $33,859.73. Taking into the lien encumbering the Vehicle, there is little to no equity in the vehicle for the benefit of the bankruptcy estate. Debtors are unwilling and/or unable to maintain its ongoing obligations to secured Creditor and the Debtors' statements indicate an intention to surrender the Vehicle. Therefore, the Vehicle is not necessary for an effective reorganization. Furthermore, Debtors have failed to meet *their* burden that the vehicle is necessary for an effective reorganization that is in prospect with a reasonable possibility of success. <u>See</u> 11 USC §362(g)(2); <u>United Sav. Ass'n. v. Timbers of Inwood Forest Assocs.</u>, 484 U.S. 365, 376 (1988). Therefore, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(2).

**B.      <u>MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. §362(d)(1).</u>**

Section 362(d)(1) provides, in pertinent part:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-

(1) *For cause*, including the lack of adequate protection of an interest in property of such party in interest....

3

11 U.S.C. §362(d)(1). (emphasis added). Cause includes a debtor's lack of equity in a property, a debtor's failure to make payments, and inadequate protection of a creditor's interest in the property. <u>In re Ellis</u>, 60 B.R. 432, 435 (9th Cir. BAP 1985). A court may grant relief from stay for cause when the debtor has not been diligent in carrying out their duties in the bankruptcy case, has failed to make required payments, or is using bankruptcy as a means to delay payment or foreclosure. <u>In re Harlan</u>, 783 F.2d 839 (9th Cir. BAP 1986); <u>In re Ellis</u>, 60 B.R. at 435.

Debtors have failed to make regular monthly payments due under the Contract, as noted above. Debtors' failure to maintain current on payments under the Contract, as detailed herein, constitutes "cause" to terminate the automatic stay. Based upon the foregoing, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1).

### III.    CONCLUSION

For all of the reasons discussed herein, Movant is entitled to relief from the automatic stay of 11 U.S.C. §362(a). Pursuant to Local Bankruptcy Rule 9014(g), a proposed order is attached hereto as **Exhibit "4"**.

In accordance with Local Rule 4001(a)(2), Movant did not send a Meet and Confer letter to the parties of interest herein as the Debtors indicated that they are surrendering collateral in their Statement of Intention. A copy of the Statement of Intention is attached hereto as **Exhibit "5"** and incorporated herein by reference.

Pursuant to Local Rule 9014.2, the secured Creditor consents to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**WHEREFORE**, Movant respectfully prays for an Order of this court:

1.    For an order granting relief and terminating the automatic stay of 11 U.S.C. §362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-

1  bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Vehicle,

2  including necessary action to obtain possession of the Vehicle for the purposes of selling the

3  same as permitted by the Contract;

4      2.    Waiving the 14-day stay prescribed by Rule 4001(a)(3) of the Federal Rules

5  of Bankruptcy Procedure;

6      3.    In the alternative, an Order requiring the Debtor to reinstate and maintain all

7  obligations due under the security agreement encumbering the vehicle and further allowing

8  Secured Creditor with the remedies to proceed with possession of the vehicle should the

9  Debtors not maintain payments;

10      4.    That the requirements of Local Bankruptcy Rule 9021 be waived; and

11      5.    Granting Movant such other and further relief as the court deems just and

12  proper.

14  DATED this 12th day of September, 2019.

15  Respectfully submitted,

16  **TIFFANY & BOSCO, P.A.**

17  By:/s/Ace C Van Patten
**ACE C. VAN PATTEN, ESQ.**

18  **KRISTA J. NIELSON, ESQ.**

19  10100 W. Charleston Boulevard, Suite 220
Las Vegas, NV 89135

20  Attorney for Secured Creditor

5

1    **TIFFANY & BOSCO, P.A.**
     Ace C. Van Patten, Esq.
2    Nevada Bar No. 11731
     Krista J. Nielson, Esq.
3    Nevada Bar No. 10698
     10100 W. Charleston Boulevard, Suite 220
4    Las Vegas, NV 89135
     Telephone:  702 258-8200
5    Fax:  702 258-8787
     nvbk@tblaw.com
6    TB File # 19-73983

7    *Attorneys for Toyota Motor Credit Corporation*

8

9                    **UNITED STATES BANKRUPTCY COURT**

10                         **DISTRICT OF NEVADA**

11   | In Re:                                  | BK Case No.: 19-15331-mkn |
     |                                         | Chapter 7                 |
12   | MARCO ANTONIO TAPIA BENITEZ             |                           |
     | AKA MARCO A. TAPIA BENITEZ AND          | **CERTIFICATE OF SERVICE OF NOTICE** |
13   | EDUWIGES VENZOR-MORALES AKA             | **AND   MOTION   FOR   RELIEF   FROM** |
     | EDUWIGES VENZOR,                        | **AUTOMATIC STAY** |
14   |                                         |                           |
15   |                 Debtors.                |                           |

16                **CERTIFICATE OF SERVICE OF NOTICE AND**
                  **MOTION FOR RELIEF FROM AUTOMATIC STAY**
17

18       1.   On this 12th day of September, 2019, I served the following documents:

19           **NOTICE OF MOTION AND MOTION FOR RELIEF FROM AUTOMATIC**
             **STAY**

20       2.   I caused to be served the above-named documents by the following means to the

21       persons as listed below:

22           X   **a. ECF System**

23

24               Eric Palacios
                 epabk1@gmail.com
25               Attorney for Debtors

26

                                        1

1

Brian D. Shapiro
brian@trusteeshapiro.com
Trustee

2

3    X  **b. United States mail, postage fully prepaid:**

4

Eric Palacios
2050 S. Eastern Ave
Las Vegas, NV 89104
Attorney for Debtors

5

6

7

Marco Antonio Tapia Benitez aka Marco A. Tapia Benitez and Eduwiges
Venzor-Morales aka Eduwiges Venzor
6128 Shadow Oak Dr
North Las Vegas, NV  89031
Debtors

8

9

10

11

Foley Federal Building and U.S. Courthouse
300 Las Vegas Blvd South
Las Vegas, NV 89101

12

13        **I declare under penalty of perjury the foregoing is true and correct.**

14    DATED this 12th day of September, 2019.

15

16    By: /s/ Mirna Garcia

17

18

19

20

21

22

23

24

25

26

# EXHIBIT "1"

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.
Case 19-15331-mkn   Doc 15-5   Entered 09/12/19 15:29:11   Page 10 of 27
LAW 555-NV-e 10/12

## SIMPLE INTEREST VEHICLE CONTRACT FOR SALE AND SECURITY AGREEMENT

**SECTION A:**

| | |
|---|---|
| Buyer's Name(s): MARCO ANTONIO TAPIA BENITEZ | CREDITOR: CENTENNIAL TOYOTA |
| Name: EDUWIGES VENZOR-MORALES | Address: 6551 CENTENNIAL CENTER BOULEVARD |
| Address: 6128 SHADOW OAK DR | City: LAS VEGAS    County: N/A |
| City: NORTH LAS VEGAS    County: CLARK | State: NV    Zip: 89149 |
| State: NV    Zip: 89031 | Phone: (    ) (702) 942-3800 |
| Bus. Phone: (    ) N/A | |
| Res. Phone: (    ) (702) 505-0311 | |

Stock No. ▮▮▮▮▮▮    Salesman: N/A    Date: 04/14/2018

**SECTION B:**          **DISCLOSURE MADE IN COMPLIANCE WITH FEDERAL TRUTH IN LENDING ACT.**

Your Payment Schedule will be:                                      **(e) means an estimate**

| Number of payments: | Amount of payments: | When payments are due: |
|---|---|---|
| 72 Payments | $ 599.98 | Monthly Beginning: 05/29/2018 |
| N/A | N/A | N/A |
| N/A | N/A | N/A |

| | | |
|---|---|---|
| **ANNUAL PERCENTAGE RATE** | The cost of your credit as a yearly rate. | **2.90 %** |
| **FINANCE CHARGE** | The dollar amount the credit will cost you. | **$ 3,640.16** |
| **Amount Financed** | The amount of credit provided to you or on your behalf. | **$ 39,558.40** |
| **Total of Payments** | The amount you will have paid after you have made all payments as scheduled. | **$ 43,198.56** |
| **Total Sales Price** | The total cost of your purchase on credit, including your down payment of $ 3,261.92 . | **$ 46,460.48** |

**INSURANCE AND DEBT CANCELLATION:** Credit life insurance, credit disability insurance and debt cancellation coverage, which is also known as GAP coverage, are not required to obtain credit, and will not be provided unless you sign and agree to pay the additional cost.

| | Premium: | Term: | Signature(s): |
|---|---|---|---|
| Credit life: | $ N/A | N/A | I want credit life insurance: XA N/A _Signature(s)_ |
| Joint credit life: | $ N/A | N/A | We want joint credit life insurance: XB N/A       N/A _Signature(s)_ |
| Credit disability: | $ N/A | N/A | I want credit disability insurance: XC N/A       N/A _Signature(s)_ |
| Credit life and disability: | $ N/A | N/A | I want credit life and disability insurance: X N/A _Signature(s)_ |
| Joint credit life and disability: | $ N/A | N/A | We want joint credit life and single disability insurance: X N/A _Signature(s)_ |
| Debt cancellation coverage (GAP coverage) | $ 950.00 | 72 | I want debt cancellation coverage (GAP coverage): X D _signature_ _Signature(s)_ |

You may obtain property insurance from anyone you want that is acceptable to the Creditor on page 1 of 6. If you get the insurance from the Creditor, you will pay $ N/A _____ and the term of the insurance will be N/A .

**SECURITY:** You are giving a security interest in the goods or property being purchased.
☐ If checked, you are giving a security interest in N/A

**LATE CHARGE:** If a payment is more than 10 days late, you will be charged $15 or 8 percent of the payment, whichever is less.
**PREPAYMENT:** If you pay off early, you will not have to pay a penalty.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and penalties.

True and Accurate Completed Copy - UCC Non-Authoritative Copy
True and Accurate Completed Copy - UCC Non-Authoritative Copy

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

Case 19-15331-mkn    Doc 15    Entered 09/12/19 15:29:11    Page 11 of 27

## SECTION C:  ITEMIZATION OF AMOUNT FINANCED.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

| | | |
|---|---|---|
| 1. Vehicle Selling Price | $ 23,995.00 | |
| Plus: Documentary Fee | $ 499.00 | |
| (This charge represents costs and profit to the dealer for items such as inspecting, cleaning, adjusting vehicles, and preparing documents related to the sale.) | | |
| Plus: Emissions Inspection Fee | $ N/A | |
| Plus: Other ( N/A ) | $ N/A | |
| Plus: Other ( N/A ) | $ N/A | |
| Plus: Other ( N/A ) | $ N/A | |
| Total Taxable Selling Price | | $ 24,494.00 |
| 2. Total Sales Tax | | $ 2,061.92 |
| 3. Amounts Paid to Public Officials | | |
| a. Titling Fee | $ 29.25 | |
| b. Registration Fee | $ N/A | |
| c. Other | $ N/A | |
| Total Official Fees (Add 3a through 3c) | | $ 29.25 |
| 4. Optional, nontaxable, fees or charges | | |
| a. To: THEFT CODE   For: Theft Deterrent | $ 199.00 | |
| b. To: CENTURY   For: KARR | $ 300.00 | |
| c. N/A | $ N/A | |
| d. N/A | $ N/A | |
| e. N/A | $ N/A | |
| f. N/A | $ N/A | |
| Total Optional, nontaxable, fees or charges (Add 4a through 4f) | | $ 499.00 |
| 5. TOTAL CASH SALES PRICE | | $ 27,084.17 |
| 6. Gross Trade in Allowance | $ 25,000.00 | |

| 2017 | Chevrolet | Silverado 1500 | ███████████ |
|---|---|---|---|
| Year | Make | Model | VIN |

| | | |
|---|---|---|
| Less Prior Credit or Lease Balance | $ 37,786.15 | |
| Net Trade In Allowance (If negative, enter 0 and see line 11a) | | $ 0.00 |
| 7. Down Payment (Other Than Net Trade-In Allowance): | | |
| a. Trade-In Sales Tax Credit | $ 2,061.92 | |
| b. Cash | $ 1,200.00 | |
| c. Manufacturer's Rebate | $ N/A | |
| d. Deferred Down Payment | $ N/A | |
| e. Other ( N/A ) | $ N/A | |
| Down Payment (Add 7a through 7e) | | $ 3,261.92 |
| 8. TOTAL DOWN PAYMENT AND NET TRADE-IN ALLOWANCE (Add 6 and 7) | | $ 3,261.92 |
| 9. UNPAID BALANCE OF CASH SALES PRICE (Subtract 8 from 5) | | $ 23,822.25 |
| 10. Plus Optional Insurance and Debt Cancellation Charges* | | |
| a. Credit Life Insurance Premium | | |
| Paid to ( N/A ) Term ( N/A ) | | $ N/A |
| b. Credit Disability Insurance Premium | | |
| Paid to ( N/A ) Term ( N/A ) | | $ N/A |
| c. Debt Cancellation Coverage (GAP Coverage) | | |
| Paid to ( TMIS ) Term ( 72 ) | | $ 950.00 |
| d. Other Insurance | | |
| Paid to ( N/A ) Term ( N/A ) | | $ N/A |
| Total Optional Insurance and Debt Cancellation Charges (Add 10a through 10d) | | $ 950.00 |
| 11. Other Amounts Financed* | | |
| a. Prior Credit or Lease Balance | | |
| Paid to ( UNIFY CREDIT UNION ) | | $ 12,786.15 |
| b. N/A | | |
| Paid to ( N/A ) | | $ N/A |
| c. Mechanical Breakdown | | |
| Paid to ( CENTURY AUTOMOTIVE SERVICE CORP. ) | | $ 2,000.00 |
| Total Other Amounts Financed (Add 11a through 11c) | | $ 14,786.15 |
| 12. TOTAL AMOUNT FINANCED (Add 9, 10 and 11) | | $ 39,558.40 |

*Seller may retain or receive a portion of this amount.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

████████████ copy was created on Wed Apr 18 02:48:40 GMT 2018

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

SECTION D: VEHICLE RETAIL INSTALLMENT CONTRACT AND SECURITY AGREEMENT   Case 19-15931 amn Doc 15 Filed 09/27/19 AG 32 of 40   Page 12 of 27

This contract is made the __14__ (day) of __April__ (month) of __2018__ (year), between you, the Buyer(s) shown on page 1 of 6, and us, the Seller shown as Creditor on page 1 of 6. Having been quoted a cash price and a credit price and having chosen to pay the credit price (shown as the Total Sales Price in Section B on page 1 of 6), you agree to buy and we agree to sell, subject to all the terms of this contract, the following described vehicle, accessories and equipment (all of which are referred to in this contract as "Collateral"):

New or Used: __New__

Year and Make: __2018 Toyota__

Series: __C-HR__   Body Style: __N/A__   No. Cyl.: __4__

If truck, ton capacity: __N/A__   Manufacturer's Serial Number: __NMTKHMBX4JR027637__

Use for which purchased: [X] Personal   [ ] Business   [ ] Agriculture
INCLUDING:

| | | | |
|---|---|---|---|
| [ ] Sun/Moon Roof | [ ] Cassette | [ ] Air-Conditioning | [ ] Tilt Wheel | [X] Automatic Transmission | [ ] Vinyl Top |
| [ ] Power Steering | [ ] Compact Disc Player | [ ] Power Door Locks | [ ] Cruise Control | [ ] Power Seats | [ ] AM/FM Stereo |
| [ ] Power Windows | | | | | |

__WHITE__ Color __N/A__   Tires __N/A__   Lic. No. _____

You, severally and jointly, promise to pay us the Total of Payments (shown in Section B) according to the Payment Schedule (also shown in Section B), until paid in full, together with interest after maturity at the Annual Percentage Rate disclosed on page 1 of 6.

To secure such payment, you grant to us a purchase money security interest under the Uniform Commercial Code in the Collateral and in all accessions to and proceeds of the Collateral. Insurance in which we or our assignee are named as beneficiary or loss payee, including any proceeds of such insurance or refunds of unearned premiums, or both, are assigned as additional security for this obligation and any other obligation created in connection with this sale. We, our successors and assigns, hereby waive any other security interest or mortgage which would otherwise secure your obligations under this contract except for the security interests and assignments granted by you in this contract.
Address where Collateral will be located:

Street __6128 SHADOW OAK DR__   City __NORTH LAS VEGAS__

County __CLARK__   State __NV__

Your address after receipt of possession of Collateral:

Street __6128 SHADOW OAK DR__   City __NORTH LAS VEGAS__

County __CLARK__   State __NV__

### Notice of Rescission Rights (Option to Cancel)

If the Buyer signs here, the notice of rescission rights on page 5 of 6 is applicable to this contract.

Buyer's signature x E _MonicaTaylor_   Co-Buyer's signature x E _Edwige Venner_

STATE DISCLOSURE REQUIREMENTS: The provisions of Section B and Section C are incorporated into this agreement for purposes of state disclosure requirements.

Additional Terms and Conditions: The additional terms and conditions set forth in this contract are a part of this contract and are incorporated herein by reference.

OPTION: __N/A__ You pay no Finance Charge if the Total Amount Financed, Item No. 12, Section C, is paid in full on or before the __N/A__ (day) of __N/A__ (month) of __N/A__ (year).

SELLER'S INITIALS: __N/A__

True and Accurate Completed Copy - UCC Non-Authoritative Copy

True and Accurate Completed Copy - UCC Non-Authoritative Copy

This copy was created on Wed Apr 18 02:48:40 GMT 2018

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

☒ If checked, you agree to use electronic records and electronic signatures to document this contract. Your electronic signatures on electronic records will have the same effect as signatures on paper documents. We may designate one authoritative copy of this contract. If we do, the authoritative copy will be the electronic copy in a document management system we designate for storing authoritative copies. We may convert the authoritative copy to a paper original. We will do so by printing one paper copy marked "Original." This paper original will have your electronic signature on it. It will have the same effect as if you had signed it originally on paper.

If you agree to use electronic records and electronic signatures, we will comply with all applicable federal, state and local law and regulations.

UPON ENTERING INTO THIS CONTRACT, YOU WILL RECEIVE A PAPER COPY OF THE ORIGINAL CONTRACT ELECTRONICALLY SIGNED AND COMPLETE WITH ALL TERMS, CONDITIONS AND DISCLOSURES TO TAKE WITH YOU.

## NOTICE TO BUYER

**Do not sign this agreement before you read it or if it contains any blank spaces. You are entitled to a completed copy of this agreement. If you pay the amount due before the scheduled date of maturity of the indebtedness and you are not in default in the terms of the contract for more than 2 months, you are entitled to a refund of the unearned portion of the finance charge. If you fail to perform your obligations under this agreement, the vehicle may be repossessed and you may be liable for the unpaid indebtedness evidenced by this agreement.**

If you are buying a used vehicle with this contract, as indicated in the description of the vehicle on page 3 of 6, federal regulation may require a special buyer's guide to be displayed on the window.

THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

The text of the preceding two paragraphs is set forth below in Spanish:

Si usted está comprando un vehículo usado mediante este contrato según la descripción del vehículo en la pagina 3 de 6, la ley federal podrá exigir que la ventanilla demuestre una guía especial para el comprador.

LA INFORMACIÓN QUE USTED VE EN LA FORMA DE VENTANILLA PARA ESTE VEHÍCULO ES PARTE DE ESTE CONTRATO. LA INFORMACIÓN EN LA FORMA DE VENTANILLA DOMINA CUALESQUIER ESTIPULACIÓN CONTARIA EN EL CONTRATO DE VENTA.

**BUYER AND CO-BUYER ACKNOWLEDGE RECEIPT OF A TRUE AND COMPLETELY FILLED-IN PAPER COPY OF THIS CONTRACT AND THE DISCLOSURE ON PAGE 4 OF 6 AT THE TIME OF SIGNING.**

LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED UNLESS OTHERWISE INDICATED IN SECTION C.

Buyer: XF Monttoya   Date: 04/14/2018   Co-Buyer: XF Edward Vernon   Date: 04/14/2018

Creditor: CENTENNIAL TOYOTA   Date: 04/14/2018   By: XG 9C   Title: FINANCE

---

## ADDITIONAL TERMS AND CONDITIONS

**Simple Interest Contract:** This is a simple interest contract. The Finance Charge, Total of Payments and Payment Schedule set forth in the disclosures on page 1 of 6 may differ. The final payment may differ depending upon the dates payments are received and events which occur after this contract is made. For example, early payments will have the effect of reducing your final payment, while late payments will cause your final payment to be higher. Your promise requires you to pay the final payment on the date due, which payment will be equal to all unpaid sums due under this contract, even if the amount of the final payment differs from the amount of final payment disclosed on page 1 of 6 of this contract.

**Default:** If you default in the performance of this agreement, because (1) you fail to make a payment later than 30 days past the date required by the agreement, or (2) the prospect of payment, performance or realization of collateral is significantly impaired (the burden of establishing the prospect of significant impairment is on the Seller), we may at our option and without notice or demand (1) declare all unpaid sums immediately due and payable, (2) file suit against you for all unpaid sums, and (3) take immediate possession of the vehicle. Upon taking possession of the vehicle and giving notice as provided by law, if you do not redeem the vehicle, we will sell it at public or private sale. We may purchase the vehicle at any sale. The proceeds of the sale will be applied first to the expenses of retaking, reconditioning, storing and selling the property, and the remainder will be applied to the unpaid sums owing under this contract. Attorney's fees and court costs are allowed too. If there is any money left over (surplus), it will be paid to you. If a balance still remains owing, you promise to pay that balance upon demand. If you default or breach this agreement, you agree to pay finance charges at the Annual Percentage Rate shown on page 1 of 6 until all sums owing us are paid in full. Our remedies are cumulative and taking of any action is not a waiver and does not prohibit us from pursuing any other remedy. You promise to pay reasonable collection costs and expenses, including attorney's fees, if you default under this agreement. If suit is filed, you agree that attorney's fees and costs will be awarded to the prevailing party. If the vehicle is repossessed, we may store personal property found in the vehicle for your account and at your expense and, if you do not claim property within 90 days after the repossession, we may dispose of the personal property in any manner we deem appropriate without liability to you.

**Delinquency and Collection Charges:** You will pay a delinquency charge equal to the lesser of $15 or 8 percent of any installment in default for more than 10 days. If you default as described in the preceding paragraph and we refer this contract for collection to an attorney who is not our salaried employee or a salaried employee of the holder of this contract, you will pay reasonable attorney's fees plus court costs, and reasonable collection costs to the extent not prohibited by law.

**Demand for Full Payment and Additional Remedies on Default:** If you default under this contract, at the time of the default or any time after default (if the default has not been cured previously) we may require immediate payment of the unpaid portion of the amount you owe us. If there is any money left over (surplus), it will be paid to you. On any default, we will have all the remedies of a secured party under the Uniform Commercial Code. If the cash price on page 2 of 6 is $1,000 or less, you will not be personally liable for any deficiency incurred in a sale after repossession.

**Ownership of the Collateral:** You represent that there are no liens, claims or encumbrances on the Collateral except for the security interest you grant by this contract to us and you further represent that you have executed no financing statement covering the Collateral except for one relating to this contract.

**Location and Use of Collateral:** You agree to notify us in writing of any change of your address or of any change in the location of the Collateral. Unless you first have received our written consent, you may not permanently take the Collateral out of the State shown in Section D in the section entitled "Address Where Collateral Will Be Located" and you may not sell, lease or otherwise dispose of the Collateral or any part of it by any means. You will comply with all laws, ordinances, regulations and orders relating to the Collateral. You will keep the Collateral in good condition and will not alter or substantially modify it or conceal it. You will not allow any other security interest on the Collateral besides the security interest granted to us under this contract.

This copy was created on Wed Apr 18 02:48:40 GMT 2018

True and Accurate Completed Copy - UCC Non-Authoritative Copy

This is a Copy of the Customer Completed signed electronic form held by RouteOne LLC.

Case 19-15831 mkn Doc 15 Entered 09/12/19 15:29:11 Page 14 of 27

**Inspection of the Collateral:** We may inspect the Collateral at reasonable times and in a reasonable manner.

**Taxes:** You are responsible for and will pay when due all taxes and assessments levied on the Collateral. If you fail to do so, we may pay any such tax or assessment on your behalf. An amount equal to that which we paid will be added to the Total of Payments then owing, and you will be charged a finance charge on the amount we paid at the highest lawful contract rate.

**Property Insurance:** You will keep the Collateral insured against such risks and in such amount as we may from time to time require with an insurer that you choose and we approve. As indicated in Section B, if you choose, we will obtain property insurance for you at the premium shown. Whether the insurance is provided by you or by us, you will pay all premiums for this insurance when the premiums are due and payable. If you provide property insurance, you will deliver the policies to us as additional security and will provide us with receipts showing payment of premiums. If you do not obtain the insurance or pay the premiums, we may do so for you. If we do this, an amount equal to that which we have paid for the premiums will be added to the Total of Payments then owing and a finance charge at the highest lawful rate will be charged on that amount. If we do not obtain the insurance, none of our other rights and remedies will be prejudiced. You agree that any proceeds from insurance are to be used to either repair or replace the vehicle. Whether or not the vehicle is insured, you must pay for it if it is lost, damaged or destroyed. If you default (as described on page 4 of 6), we may cancel the insurance and credit any insurance premium refunds to the unpaid balance of this contract.

## LIABILITY INSURANCE IS NOT REQUIRED BY THIS CONTRACT. YOU HAVE THE RIGHT TO CHOOSE THE PERSON THROUGH WHOM LIABILITY INSURANCE IS TO BE OBTAINED.

**Information to Insurance Company or Agent:** You give your permission to furnish any information about the Collateral or any information about insurance policies on the Collateral to an insurance agent or company.

**Credit Life Insurance, Credit Disability Insurance and Debt Cancellation Coverage (GAP Coverage):** If you indicated in Section B that you want optional credit life insurance, credit disability insurance or debt cancellation coverage (GAP coverage), or any combination thereof, you agree to pay for such insurance at the premium shown in Section B.

**NO WARRANTIES: THE SELLER MAKES NO REPRESENTATIONS, PROMISES OR WARRANTIES, EXPRESS OR IMPLIED, AS TO THE MERCHANTABILITY OF THE COLLATERAL OR WHETHER THE COLLATERAL IS SUITABLE OR FIT FOR THE PARTICULAR PURPOSE INTENDED UNLESS THE SELLER HAS DONE SO IN THIS CONTRACT OR IN A SEPARATE WRITTEN AGREEMENT SIGNED BY THE SELLER AS THE ORIGINAL SELLER OF THE COLLATERAL. HOWEVER, IF THE SELLER MAKES AN EXPRESS WARRANTY IN THIS CONTRACT OR IN A SEPARATE WRITTEN AGREEMENT SIGNED BY THE SELLER OR, WITHIN 90 DAYS AFTER THE DATE OF THIS CONTRACT, THE SELLER ENTERS INTO A SERVICE CONTRACT WITH THE BUYER THAT APPLIES TO THE COLLATERAL, THE EXCLUSION OF IMPLIED WARRANTIES SET FORTH IN THIS PARAGRAPH DOES NOT EXCLUDE ANY IMPLIED WARRANTIES THAT MAY EXIST WITH RESPECT TO THE COLLATERAL DURING THE TERM OF THE CONTRACT OR AGREEMENT IN WHICH THE EXPRESS WARRANTY IS MADE.**

**Notices:** Any notice we have to give you pursuant to the Uniform Commercial Code will be reasonable if we send it to your address shown in Section D in the section entitled "Your Address After Receipt of Possession of Collateral" at least 5 days before the event with respect to which notice is required unless we have actual knowledge of a change in your address and, in that event, the notice will be reasonable if we send it to the changed address.

**Time is of the Essence:** You understand that all payments that are required must be made on the day due.

**Exercising our Rights:** We can, without notice, delay enforcing our rights or exercise only part of them, without losing them, or waive a right we have to one Buyer without waiving it as to the other(s).

**Meaning of Words:** In this contract the words "you" and "your" means each and all those who sign this contract as Buyers or Co-Buyers, and their heirs, executors, administrators, successors and assigns. The words "we", "us" and "ours" means the Creditor shown on page 1 of 6 in Section A, and if this contract is assigned, its successors and assigns and any other holder of this contract.

**Governing Law:** This contract has been delivered in the State of Creditor's place of business and will be governed by the laws of that State and applicable federal law.

**Invalidity:** Wherever possible each provision of this contract shall be interpreted so that it is valid under applicable law, but if any provision is prohibited or invalid, the remaining provisions of this contract will continue to be valid.

**Notice of Rescission Rights (Option to Cancel):** The provisions of this paragraph only apply if you have signed the notice of rescission rights on page 3 of 6 of this contract. (1) You agree to furnish the Seller any documentation necessary to verify information contained in your credit application. (2) You acknowledge that it may take a few days for the Seller to verify your credit and assign the contract. In consideration of the Seller agreeing to deliver the vehicle, you agree that if the Seller is unable to assign the contract to a Financial Institution with whom the Seller regularly does business pursuant to terms of assignment acceptable to the Seller, the Seller may elect to rescind the contract. (3) If the Seller elects to rescind the contract, the Seller shall, within 20 days after the date of the contract, give you notice of the rescission. Such notice shall be deemed given upon deposit of a written notice in the United States mail directed to you at the address you stated in the contract or upon any other manner in which actual notice is given to you. Upon receipt of such notice, you shall immediately return the vehicle to the Seller in the same condition as when sold, reasonable wear and tear excepted, and the contract shall be deemed rescinded. The Seller agrees, upon rescission of the contract, to restore to you all consideration received in connection with the contract, including any trade-in vehicle. (4) If the vehicle is not immediately returned to the Seller after giving notice of the Seller's election to rescind the contract, you are liable to the Seller for all expenses incurred by the Seller in obtaining possession of the vehicle, including attorney's fees, and the Seller has the right to repossess the vehicle as permitted by law. (5) While the vehicle is in your possession, all terms of the contract, including those related to the use of the vehicle and insurance for the vehicle, are in force and all risk of loss or damage to the vehicle must be assumed by you. You shall immediately pay all reasonable repair costs related to any damage to the vehicle while it is in your possession or under your control and until the vehicle is returned to the Seller.

## NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

If you are buying a used vehicle with this contract, as indicated in the description of the vehicle on page 3 of 6, federal regulation may require a special buyer's guide to be displayed on the window.

## THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

True and Accurate Completed Copy - UCC Non-Authoritative Copy

**Assignment:** Seller may Case f9e15881amken pers00A45neEnteredi00/12/d9e15u29fd1ts, phaegese af of 27s. The Seller may assign this contract electronically. Contact Assignee about this contract at <u>Toyota Financial Services, P.O. BOX 9550, Cedar Rapids, IA, 52409</u>.
(Insert Assignee contact information)

Seller Signs: <u>CENTENNIAL TOYOTA</u>

By: <u>H</u> 

Title: <u>FINANCE</u>

To induce Assignee to purchase the contract, Seller represents and warrants to Assignee as follows: (a) the contract is genuine and the statements and amounts inserted herein are correct; (b) the contract and security interest arose entirely from the sale of the Collateral or services described in the contract, or both; (c) the down payment, if any as shown on page 2 of 6 of this contract, has been received and no part thereof was advanced directly or indirectly by Seller to Buyer; (d) the goods and services have been furnished to the satisfaction of Buyer and all obligations of warranty to Buyer, either express or implied, have been and will continue to be fulfilled by Seller; (e) the Collateral or services, or both, have been sold, provided and delivered to and accepted by Buyer; (f) the security interest granted to Seller in the contract constitutes a valid first lien on the Collateral and has been filed or recorded according to law to preserve the priority of each lien; (g) the Collateral is free and clear of all liens and encumbrances, except the security interest granted by this contract; (h) the full amount of the stated Total of Payments remains unpaid; (i) Seller is the holder of the contract and the security interest in the Collateral free and clear of all liens and encumbrances and Seller has full power and authority to assign the same; (j) the transaction was consummated on the above date set forth in the contract and Buyer did not receive possession of the Collateral prior to the date of consummation; (k) Buyer was furnished a completed copy of the contract prior to consummation; (l) the Collateral is insured with a company acceptable to Assignee against physical damage in addition to such other risks as Assignee requires under an insurance policy acceptable to Assignee; (m) Seller has not knowingly communicated to Assignee incorrect information relating to the Buyer's application or credit statement or knowingly failed to communicate information relating to such application or credit statement; (n) the facts set forth in the contract are true; (o) Buyer has no defense or counterclaim to payment of the obligation evidenced by the contract; (p) Buyer is or, if more than one, each is not a minor and has legal capacity to execute this contract and is liable thereon; and (q) Seller has no reason to believe the Buyer has ever violated any laws concerning liquor or narcotics.

In the event any warranty shall be breached or any representation shall be false, Seller shall, upon demand and irrespective of whether the contract is then in default, repurchase the contract from Assignee at a price equal to the unpaid balance of the contract plus accrued interest, or such other amount agreed to by Seller and Assignee in a separate agreement as in effect on the date of such demand by Assignee, plus any costs or expenses of collection, including attorney's fees, whether incurred by Assignee by suit or on appeal or otherwise. Seller waives all defenses that otherwise might have been available but nothing herein contained shall preclude Assignee from enforcing against Seller any other remedies provided by law for misrepresentation or breach of warranty. In the event of any proceedings commenced by Assignee against Buyer with respect to the contract, services or the Collateral, if Buyer asserts as a defense, setoff or counterclaim any act, omission or default by Seller, Seller shall forthwith on demand repurchase the contract for the amount set forth above. The provisions of this assignment shall be binding on the heirs, representatives, successors and assigns of Seller and shall inure the benefit of the successors and assigns of Assignee. The above assignment provisions apply and are in addition to any obligations of Seller as provided in the paragraph below endorsed by Seller.

**1. RECOURSE:** Seller absolutely and unconditionally guarantees the prompt payment of either the total unpaid amount of the contract and any accrued interest or such other amount agreed to by Seller and Assignee in a separate agreement, together with all costs, expenses and reasonable attorney's fees incurred in the collection of said amount. Seller waives all defenses arising by reason of any failure to give notice of acceptance of this guaranty or default of Buyer, or arising by reason of any extension of time given to Buyer, or by reason of any failure by Assignee to pursue Buyer or the Collateral or other property of Buyer or to resort to other security or remedies which may be available, and waives any and all defenses arising out of the guarantor relationship.

Seller: <u>N/A</u>     By: <u>N/A</u>

Title: <u>N/A</u>     Date: <u>N/A</u>

**2. REPURCHASE:** In the event of default by the Buyer under any of the terms or conditions of the contract, Seller will repossess and repurchase the Collateral, or if the Collateral has already been repossessed, Seller will repurchase the Collateral at the place of repossession or recovery. The Collateral will be repurchased in any event AS IS, at a price equal to the then unpaid balance of the contract and any accrued interest, or such other amount agreed to by Seller and Assignee in a separate agreement as in effect as of the default, together with all costs, expenses and reasonable attorney's fees incurred by Assignee in the collection of said amount. Seller waives all defenses arising by reason of any failure to give notice of acceptance of this agreement or default of Buyer, or arising by reason of extension of time given to Buyer, or by reason of any failure by Assignee to pursue Buyer or the Collateral or other property of Buyer or to resort to other security or remedies which may be available, and waives all other defenses that might otherwise have been available. At the time of repurchase, Seller shall pay to Assignee the purchase price in cash and Assignee may reassign to Seller without recourse and without warranties, express or implied, all title retention or lien instruments and all contracts or promissory notes which Assignee then holds upon such Collateral.

Seller: <u>N/A</u>     By: <u>N/A</u>

Title: <u>N/A</u>     Date: <u>N/A</u>

**3. LIMITED ENDORSEMENT:** In the event of default of Buyer before Buyer shall have paid the first <u>N/A</u> installments under the foregoing contract, Assignee may reassign the contract to Seller and Seller agrees, upon tender of such reassignment and in consideration thereof to pay to Assignee either the then unpaid balance of the contract and any accrued interest, or such other amount agreed to by Seller and Assignee in a separate agreement as in effect as of the reassignment, together with all costs, expenses and reasonable attorney's fees incurred in the collection of said amount. Seller waives all defenses arising by reason of any failure to give notice of acceptance of this agreement or default of Buyer, or arising by reason of any extension of time given to Buyer, or by reason of any failure by Assignee to pursue Buyer or the Collateral or other property of Buyer or to resort to other security or remedies which may be available, and Seller waives any other defenses that might otherwise have been available.

Seller: <u>N/A</u>     By: <u>N/A</u>

Title: <u>N/A</u>     Date: <u>N/A</u>

**4. WITHOUT RECOURSE:** This assignment shall be without recourse against Seller except for such obligations as are set forth in the assignment above.

Seller: <u>CENTENNIAL TOYOTA</u>     By: <u>l    </u>

Title: <u>FINANCE</u>     Date: <u>04/14/2018</u>

**LAW** ® **FORM NO. 553-NV-e** (REV. 10/12) U.S. PATENT NO. D460,782
©2012 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR
FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

*LAW 553-NV-e 10/12 v1*    Page 6 of 6

- This copy was created on Wed Apr 18 02:48:40 GMT 2018

True and Accurate Completed Copy - UCC Non-Authoritative Copy

True and Accurate Completed Copy - UCC Non-Authoritative Copy

EXHIBIT "2"

 **TitleExplorer**

TOYOTA FINANCIAL SERVICES ▾    Search ▾    User Administration ▾

👤 CHRIS HOFF (/Account/Index)    ❓ Help (/Home/Index)    ⏻ Logout (/Account/Logout)

# Account Details - for ███████████

Go Back

**Account Number**
70401566590800001
**Status**
ACTIVE

Show/Add Comments

Go Back

## Customer Information ⌃

| | | | |
|---|---|---|---|
| Customers: | TAPIA-BENITEZ MARCO A | Address: | 6128 SHADOW OAK DR |
| Co-Owner: | VENZOR-MORALES EDUWIGES | | NORTH LAS VEGAS, NV, |
| | | | 890311636 |
| | | VIN: | NMTKHMBX4JR027637 |

## Account Information ⌃

| | | | | | | |
|---|---|---|---|---|---|---|
| Account Type: | Retail | License Plate: | | Dealer: | GK NEVADA,LLC DBA CEN... |
| Branch: | ███ | State: | | Year: | 2018 |
| Account Status: | TRP | Vehicle Make: | TOYOTA | | |

| | | | | | |
|---|---|---|---|---|---|
| Contract Status: | ACTIVE | Account Rec'd: | 04/19/2018 | Contract Date: | 04/14/2018 |
| Title Trust: | ███ | Last Changed: | 08/22/2019 | Final Payment: | 04/29/2024 |

## Activities ⌃

| | |
|---|---|
| TRASKJOY 5/18/2018 10:47:05 AM | VERIFICATION, PERFECT ELECTRONIC TITLE Details ███ |
| ATTB4502 4/19/2018 9:07:46 PM | NEW FOLLOW-UP - CLIENT UPDATE |

© 2019 - Secure Title Administration, Inc.

 **TitleExplorer**

**TOYOTA FINANCIAL SERVICES**⌄    Search ⌄    User Administration ⌄

👤 CHRIS HOFF (/Account/Index)    ❓ Help (/Home/Index)    ⏻ Logout (/Account/Logout)

# Title Details - NMTKHMBX4JR027637

Back

| Title Information | | | ⌃ |
|---|---|---|---|
| Account No: | ▮▮▮▮▮▮ | Batch No: | ▮▮▮▮▮▮ |
| Customer: | TAPIA BENITEZ MARCO ANTONIO | Title Number: | ▮▮▮▮▮▮ |
| VIN: | NMTKHMBX4JR027637 | PA Lien Date: | E |
| Issue State: | NV | Title Status: | DISPOSITION PERFECT |
| | | | Electronic Title |

| Discrepant Information | | ⌃ |
|---|---|---|
| Owners: | **TAPIA-BENITEZ MARCO A** | |
| | **TAPIA BENITEZ MARCO ANTONIO** | |
| Co-Owners: | **VENZOR-MORALES EDUWIGES** | |
| | **VENZOR-MORALES EDUWIGES** | |
| Lienholder: | **TMCC/LEXUS ELT** | |
| | **TZ0004** | |
| | **Toyota Motor Credit** | |
| VIN: | **NMTKHMBX4JR027637** | |
| | **NMTKHMBX4JR027637** | |
| Vehicle Year: | **2018** | |
| | **2018** | |

| User Information | | | ⌃ |
|---|---|---|---|
| Corrected By: | Manual By: | Dispositioned By: | |
| | | TRASKJOY | |

Back

© 2019 - Secure Title Administration, Inc.

# EXHIBIT "3"

**NADA** Values

8/30/2019

**NADA Used Cars/Trucks**

## Vehicle Information

| | |
|---|---|
| Vehicle: | **2018 Toyota C-HR Utility 4D XLE 2.0L I4** |
| Region: | **Desert Southwest** |
| Period: | **August 30, 2019** |
| VIN: | **NMTKHMBX4JR027637** |
| Mileage: | **27,500** |
| Base MSRP: | **$22,500** |
| Typically Equipped MSRP: | **$23,595** |
| Weight: | **3,300** |



## NADA Used Cars/Trucks Values

| Trade-In | Base | Mileage Adj. | Option Adj. | Adjusted Value |
|---|---|---|---|---|
| Rough | $16,050 | N/A | N/A | **$16,050** |
| Average | $17,275 | N/A | N/A | **$17,275** |
| Clean | $18,250 | N/A | N/A | **$18,250** |
| | | | | |
| Clean Loan | $16,425 | N/A | N/A | **$16,425** |
| Clean Retail | $19,450 | N/A | N/A | **$19,450** |

NADA Used Car Guide assumes no responsibility or liability for any errors or omissions or any revisions or additions made by anyone on this report.
NADA Used Car Guide and its logo are registered trademarks of National Automobile Dealers Association, used under license by J.D. Power.
©2019 J.D.Power.

EXHIBIT "4"

1

2

3

4

5

6  **TIFFANY & BOSCO, P.A.**
   Ace C. Van Patten, Esq.
7  Nevada Bar No. 11731
   Krista J. Nielson, Esq.
8  Nevada Bar No. 10698
   10100 W. Charleston Boulevard, Suite 220
9  Las Vegas, NV 89135
   Telephone:  702 258-8200
10 Fax:  702 258-8787
   nvbk@tblaw.com
11 TB File # 19-73983

12 *Attorneys for Toyota Motor Credit Corporation*

13

14          **UNITED STATES BANKRUPTCY COURT**

15               **DISTRICT OF NEVADA**

16 In Re:                          | BK Case No.: 19-15331-mkn

17 MARCO ANTONIO TAPIA BENITEZ      | Chapter 7
   AKA MARCO A. TAPIA BENITEZ
18 AND EDUWIGES VENZOR-             | **ORDER TERMINATING AUTOMATIC**
   MORALES AKA EDUWIGES            | **STAY**
19 VENZOR,

20          Debtors.

21

22          IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the automatic stay

23 of 11 U.S.C. §362 in the above-entitled bankruptcy proceedings is immediately vacated and

24 extinguished for all purposes as to Secured Creditor Toyota Motor Credit Corporation, of the

25 Personal  Property,  generally  described  as  a  2018  Toyota  C-HR  with  VIN:

26 NMTKHMBX4JR027637.

                              1

1    IT IS FURTHER ORDERED, ADJUDGED and DECREED that the 14-day stay

2 described by Bankruptcy Rule 4001(a)(3) be waived.

3    IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Order be binding

4 and effective despite any conversion of this bankruptcy case to a case under any other chapter

5 of Title 11 of the United States Code.

6

7 **APPROVED / DISAPPROVED**                    **APPROVED / DISAPPROVED**

8 By:_____              By:_____
  Eric Palacios                                              Brian D. Shapiro
9 Attorney for Debtors                                Chapter 7 Trustee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1    <u>ALTERNATIVE METHOD re: RULE 9021</u>:

2        In accordance with LR 9021, counsel submitting this document certifies that the order

3    accurately reflects the court's ruling and that (check one):

4    ☐    The court has waived the requirement set forth in LR 9021(b)(1).

5    ☐    No party appeared at the hearing or filed an objection to the motion.

6    ☐    I have delivered a copy of this proposed order to all counsel who appeared at the

7    hearing, and any unrepresented parties who appeared at the hearing, and each has approved or

8    disapproved the order, or failed to respond, as indicated below [list each party and whether the

9    party has approved, disapproved, or failed to respond to the document]:

10        ☐ Approved. - Debtors' Attorney/Trustee

11        ☐ Disapproved. - Debtors' Attorney/Trustee

12        ☐ Failed to respond. - Debtors' Attorney/Trustee

13    ☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order

14    with the motion pursuant to LR 9014(g), and that no party has objected to the form or content

15    of the order.

16

17    ###

18    Submitted by:

19    **TIFFANY & BOSCO, P.A.**

20    By_____
    **ACE C. VAN PATTEN, ESQ.**
21    **KRISTA J. NIELSON, ESQ.**
    Attorney for Secured Creditor
22    10100 W. Charleston Boulevard, Suite 220
    Las Vegas, NV 89135
23

24

25

26

3

# EXHIBIT "5"

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Marco Antonio Tapia Benitez** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | **Eduwiges Venzor-Morales** |
| (Spouse if, filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF NEVADA |
| Case number (if known) | _____ |

☐ Check if this is an amended filing

## Official Form 108
# Statement of Intention for Individuals Filing Under Chapter 7    12/15

If you are an individual filing under chapter 7, you must fill out this form if:
■ creditors have claims secured by your property, or
■ you have leased personal property and the lease has not expired.
**You must file this form with the court within 30 days after you file your bankruptcy petition or by the date set for the meeting of creditors, whichever is earlier, unless the court extends the time for cause. You must also send copies to the creditors and lessors you list on the form**

If two married people are filing together in a joint case, both are equally responsible for supplying correct information. Both debtors must sign and date the form.

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List Your Creditors Who Have Secured Claims

1. **For any creditors that you listed in Part 1 of Schedule D: Creditors Who Have Claims Secured by Property (Official Form 106D), fill in the information below.**

| Identify the creditor and the property that is collateral | What do you intend to do with the property that secures a debt? | Did you claim the property as exempt on Schedule C? |
|---|---|---|
| Creditor's name: **Francis H. Moten**<br><br>Description of property securing debt: **2012 Nissan Sentra 4D 131,102 miles Vehicle: Debtor's Possession Location: 6128 Shadow Oak Dr, North Las Vegas NV 89031** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>■ Retain the property and [explain]:<br><br>**Continued making monthly payment** | ☐ No<br><br>■ Yes |
| Creditor's name: **Ramon Venzor**<br><br>Description of property securing debt: **2010 GMC Acadia 179,000 miles Vehicle: Debtor's Possession Location: 6128 Shadow Oak Dr, North Las Vegas NV 89031** | ☐ Surrender the property.<br>☐ Retain the property and redeem it.<br>☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>■ Retain the property and [explain]:<br><br>**Continued making monthly payment** | ☐ No<br><br>■ Yes |
| Creditor's **Toyota Financial Services** | ■ Surrender the property. | ■ No |

| Debtor 1 | **Marco Antonio Tapia Benitez** | | |
|---|---|---|---|
| Debtor 2 | **Eduwiges Venzor-Morales** | Case number *(if known)* | |

| | | | | |
|---|---|---|---|---|
| name: | | ☐ Retain the property and redeem it. | | ☐ Yes |
| Description of property securing debt: | **2019 Toyota Tundra Truck 4D 5,000 miles Vehicle: Debtor's Possession Location: 6128 Shadow Oak Dr, North Las Vegas NV 89031** | ☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | | |

| | | | | |
|---|---|---|---|---|
| Creditor's name: | **Toyota Financial Services** | ☑ Surrender the property.<br>☐ Retain the property and redeem it. | | ☑ No<br>☐ Yes |
| Description of property securing debt: | **2019 Toyota Rav 4 4D SUV Vehicle: Debtor's Possession Location: 6128 Shadow Oak Dr, North Las Vegas NV 89031** | ☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | | |

| | | | | |
|---|---|---|---|---|
| Creditor's name: | **Toyota Financial Services** | ☑ Surrender the property.<br>☐ Retain the property and redeem it. | | ☑ No<br>☐ Yes |
| Description of property securing debt: | **2018 Toyota Camry Sedan 4D Vehicle: Debtor's Possession Location: 6128 Shadow Oak Dr, North Las Vegas NV 89031** | ☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | | |

| | | | | |
|---|---|---|---|---|
| Creditor's name: | **Toyota Financial Services** | ☑ Surrender the property.<br>☐ Retain the property and redeem it. | | ☑ No<br>☐ Yes |
| Description of property securing debt: | **2018 Toyota CHR 4D Vehicle: Debtor's Possession Location: 6128 Shadow Oak Dr, North Las Vegas NV 89031** | ☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☐ Retain the property and [explain]: | | |

| | | | | |
|---|---|---|---|---|
| Creditor's name: | **Wells Fargo Home Mortgage** | ☐ Surrender the property.<br>☐ Retain the property and redeem it. | | ☐ No<br>☑ Yes |
| Description of property securing debt: | **6128 Shadow Oak Dr North Las Vegas, NV 89031  Clark County Primary Residence** | ☐ Retain the property and enter into a *Reaffirmation Agreement.*<br>☑ Retain the property and [explain]:<br>    **Continued making monthly payment** | | |

| **Part 2:** | **List Your Unexpired Personal Property Leases** |
|---|---|

**For any unexpired personal property lease that you listed in Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G), fill in the information below. Do not list real estate leases. Unexpired leases are leases that are still in effect; the lease period has not yet ended. You may assume an unexpired personal property lease if the trustee does not assume it. 11 U.S.C. § 365(p)(2).**

| Describe your unexpired personal property leases | Will the lease be assumed? |
|---|---|
| Lessor's name: | ☐ No |